The **UNITED STATES DEPARTMENT OF ENERGY, Secretary of Energy, James B. Edwards, and the United States of America, Defendants-Petitioners,**

v.

**Honorable Thomas R. BRETT, Judge of the United States District Court for the Northern District of Oklahoma, Respondent.**

No. 10–38.

Temporary Emergency Court of Appeals.

Sept. 1, 1981.

Stuart E. Schiffer, C. Max Vassanelli, and Barbara Ward, Dept. of Justice; Larry P. Ellsworth and Daniel F. Shea, Dept. of Energy, Washington, D.C., for defendants-petitioners.

Jeffrey H. Howard and Kathleen A. McGinn, Davis Graham & Stubbs, Washington, D.C. and James L. Kincaid, Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Oklahoma, for Cotton Petroleum Corporation.

Before GRANT, PECK and LACEY, Judges.

PER CURIAM.

The Department of Energy (DOE) petitions this Court for a writ of mandamus requiring the district court to vacate certain discovery orders in the case of *Cotton Petroleum Corp. v. DOE*, No. 79–C–217–B (N.D.Okla.), and to reconsider claims of evidentiary privilege raised by DOE.

In the action underlying this mandamus proceeding, DOE asserted the "deliberative process" privilege in over 100 documents which Cotton Petroleum sought to discover. In the fourth of a series of discovery orders (March 30, 1981), the district court rejected DOE's claim of privilege. In a fifth discovery order (June 30, 1981), the district court refused DOE's requests for a reconsideration and stay of the fourth order. (The fifth order also rejected certain claims of work-product privilege. That ruling is not challenged here.)

The district court's grounds for rejecting DOE's claim of the deliberative process privilege were that the claim was made by the wrong person, and too late. We conclude that the court erred in ruling that this privilege may be asserted only by the head of an agency. *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), relied on by the district court, is inapposite. *Reynolds* dealt with an absolute privilege for state secrets, not the deliberative process privilege.

The requirements for properly asserting this latter privilege are set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). *Vaughn* does not specifically require the filing of affidavits by any agency officials. Rather, affidavits or testimony are necessary under *Vaughn* only if the agency wishes to avoid *in camera* inspection of the documents by the trial court. *See* 484 F.2d at 826 n.20, citing *EPA v. Mink*, 410 U.S. 73, 93–94, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973). *See also Crooker v. Office of Pardon Att'y*, 614 F.2d 825, 828 (2d Cir. 1980). In this case, the DOE is not only willing to submit the documents to an *in camera* inspection but, in fact, seeks such an inspection. Thus, an affidavit or testimony from a responsible DOE official was unnecessary to assert the privilege effectively.

Courts have in numerous cases required that governmental privileges be asserted by senior officials. *See, e. g., Crawford v. Dominic*, 469 F.Supp. 260, 264 (E.D.Pa. 1979), and cases cited there. In most cases, however, this procedural requirement reflects *Vaughn's* substantive requirement that the privilege be raised by individuals with specific and detailed knowledge of the documents in which the privilege is asserted. The Supreme Court, at least in dictum, has cast doubt on the advisability of *foreclosing* assertions of governmental privilege because the privilege was not claimed by a high ranking official. *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 404–5, 96 S.Ct. 2119, 2124–5, 48 L.Ed.2d 725 (1976) (stressing possibility of reassertion of privi-

lege on remand.) The rationale for the deliberative process privilege is its supposed avoidance of chilling effects on decision making. That goal is not furthered and could in fact be hindered by a requirement that the privilege be asserted in all cases by agency heads.

■ In the present case, DOE offered a detailed and specific justification of its claims of privilege in its counsels' lengthy submissions of Nov. 3, 1980, Dec. 15, 1980, and Jan. 12, 1981. We hold that these documents met the relevant requirements of *Vaughn.* The submissions were timely, coming before Jan. 23, 1981, the date of the latest discovery hearing in the trial court.

It is this date that the trial court itself considered the time limit for asserting evidentiary privileges.

For the reasons above, the writ of mandamus shall issue. The trial court is directed to vacate its fourth and fifth discovery orders, and to reconsider DOE's assertions of the deliberative process privilege.