Edward **FEIN** and Harry **Eisenberg,** Plaintiffs,

v.

**NUMEX CORPORATION, David Duquette, James F. Duquette, William J. Laskarzewski and John Muir & Co.,** Defendants.

**81 Civ. 4073 (WCC).**

United States District Court, S. D. New York.

Nov. 10, 1981.

---

Kreindler & Kreindler, New York City, for plaintiffs; Edward A. Grossman, New York City, Donald I. Marlin, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for non-party Arthur Andersen & Co.; Peter Fleming, Jr., Robert S. Lipton, Scott J. McKay Wolas, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is a purported class action brought under the federal securities laws on behalf of all persons who purchased shares of Numex Corporation ("Numex") pursuant to a prospectus issued on September 17, 1980 ("Prospectus"). Defendants include Numex, three of its officers and directors and the underwriter of the issuance. Among the several allegations of illegality contained in the complaint is the charge that "[t]he Prospectus was materially false and misleading" in that "[it] did not adequately disclose the true financial condition of Numex and it failed to disclose those factors already having occurred which led to the losses and drastic decline in sales reported immediately subsequent to the issuance of the Prospectus."

Arthur Andersen & Co. ("Andersen") audited Numex's financial reports immediately prior to and during the period that purported class members purchased Numex stock. Andersen has not been named as a defendant in this action.

On August 6, 1981, plaintiffs served a subpoena *duces tecum* upon Andersen, seeking the production of

"all accounting work papers made or prepared by Arthur Andersen & Co. relating to: (a) audit or audits conducted by you for Numex Corporation, 90 Murphy Road, Connecticut,· for its fiscal year ended March 31, 1980; (b) the review or reviews conducted by you in connection with the issuance by Numex of a prospectus dated on or about September 17, 1980 and covering the sale of 750,000 Numex shares; and (c) audit or audits conducted by you for Numex for its fiscal year ended March 31, 1981."

That subpoena led to the present motion by Andersen for a protective order quashing or substantially modifying the subpoena. Andersen argues, *seriatim*, that the subpoena (1) seeks materials not relevant to this action, (2) seeks materials which could not be obtained if Andersen were a party, because of Rule 9(b), F.R.Civ.P., (3) is overbroad and burdensome and (4) is premature. Each of these contentions will be addressed in turn.

1. *Relevancy*

A. Standing to Object

■ Plaintiffs argue that because Andersen is a nonparty which has no interest in the outcome of the case, Andersen lacks standing to object to the subpoena on relevancy grounds. While some courts have expressed reservations about entertaining a relevancy objection from a nonparty, see, e. g., *Financial General Bankshares, Inc. v. Lance*, 28 Fed.Rules Serv.2d 538, 541 n.4 (S.D.N.Y.1979), I am not persuaded that Andersen should be precluded from opposing plaintiffs' discovery on the ground of relevancy for several reasons.

First, Rule 26(b) of the Federal Rules of Civil Procedure limits discovery to relevant matters, and makes no distinction in this regard between information in the hands of parties and that held by nonparties. Had the drafters of Rule 26 intended to create such a distinction, they certainly were capable of expressing such an intention, as evidenced by a comparison of Rule 26(c), permitting a motion for a protective order "by a party or by the person from whom discovery is sought," with Rule 26(e), imposing, under certain circumstances, a duty to supplement discovery responses only upon "a party."

■ Second, even those courts which have questioned the propriety of a nonparty's objection to discovery on relevancy grounds have permitted objections on the grounds of burdensomeness. See, e. g., *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F.Supp. 708, 717 (E.D.Pa.1968). However, it is difficult to imagine a considered evaluation of burdensomeness in the abstract, without balancing the degree of burdensomeness against the extent to which the discovery sought is relevant to the issues in the litigation. Even though a nonparty may be unconcerned with the outcome of a litigation, it may legitimately oppose even slight burden upon itself where the discovery sought is irrelevant.

Finally, the Court cannot be blind to the possibility that Andersen could yet be named as a defendant in this action. If Andersen is not permitted to oppose discovery against it on the ground that the materials sought are irrelevant to plaintiffs' claims against defendants, the danger that plaintiffs may simply engage in impermissible pre-complaint discovery against Andersen is manifest.

B. Merits of Objection

■ Having thus determined that Andersen may object to the subpoena on the ground of relevancy, the Court nevertheless finds that the documents sought are relevant to Andersen's claims against defendants. The complaint charges that the Prospectus did not disclose the true financial condition of Numex. Andersen's work papers in connection with audits of financial statements covering time periods referred to by representations in the Prospectus are plainly relevant to this charge. Andersen's attempt to read the complaint as alleging only nondisclosure of operational factors,

rather than the financial condition of Numex, is not persuasive.

### 2. Rule 9(b)

 Andersen's second argument in support of its motion runs the following course: that if Andersen was named as a defendant, it could successfully move to dismiss the complaint under Rule 9(b) for failure to allege with particularity any circumstances constituting fraud by Andersen; that consequently plaintiffs could not obtain the discovery they seek from Andersen if Andersen had been named as a defendant; that it would be anomalous for plaintiffs to obtain discovery from a nonparty that they could not obtain if Andersen was named as a party; and that therefore the subpoena should be quashed. As written, and as understandably construed by plaintiffs, this argument is preposterous, suggesting that discovery by a plaintiff of a nonparty may be obtained only if the complaint states a claim against the nonparty which would withstand a motion to dismiss under Rule 9(b).

However, it is possible to construe, or perhaps restructure, Andersen's argument in an alternative manner. Essentially Andersen charges that the allegation in the complaint relating to nondisclosure of Numex's true financial condition is insufficiently specific. Even though that allegation is directed at defendants and not at Andersen, Andersen is perhaps contending that such an allegation ought not to be a basis for discovery against Andersen because it does not sufficiently plead a claim of fraud against defendants.

The flaw in this argument is that Rule 9(b) tests only the sufficiency of pleadings and not the perimeters of discovery. Defendants have not moved under Rule 9(b) to dismiss the charge regarding nondisclosure of Numex's financial condition, and Andersen may not do so on their behalf.[1] Since this allegation is within the ambit of issues in this action, Andersen may not interpose Rule 9(b) as a ground for opposing the production of work papers relevant to issues raised by the allegation.

### 3. Burdensomeness

While the subpoena *duces tecum* is broad, it is not impermissibly so. Only work papers relating to the time period when the Prospectus was prepared are sought. No claim is made by Andersen that the papers sought, although perhaps quantitatively significant, cannot be collected with modest effort. The documents sought are specifically defined, readily identifiable and likely to be located in but a few locations. Accordingly, Andersen's claim of burdensomeness is rejected.

### 4. Timing

 Andersen argues that the subpoena is premature, pointing to the facts (1) that the issue of class certification has not yet been presented and resolved, and (2) that plaintiffs have not as yet taken meaningful discovery of defendants. As to the former point, there appears to be no reason why the pendency of the class certification issue should delay discovery against Andersen, which, as a nonparty, can hardly claim that its full concentration has been directed to class action discovery. Furthermore, the claims of the named plaintiffs are not insubstantial, and there appears to be no reason to presume that this action will not proceed to trial even if class status is denied. And as to the latter point, there is no contention that the information sought from Andersen is equally available from defendants, and thus the Court sees no reason to postpone discovery of Andersen until after discovery of defendants.

For the reasons stated, Andersen's motion for a protective order is denied.

SO ORDERED.

---

1. The Court expresses no opinion on the sufficiency of the pleadings under Rule 9(b).