In re CANDOR DIAMOND CORP., Debtor.

Daniel McCOLLEY, Trustee of Candor Diamond Corp., Plaintiff,

v.

RAMA MANUFACTURING CO., INC., Defendant.

Bankruptcy No. 81 B 11594.
Adv. No. 82–5594–A.

United States Bankruptcy Court,
S.D. New York.

Feb. 4, 1983.

Mitchell J. Devack, Franklin Square, N.Y., for Rama Mfg. Co., Inc.

Stroock & Stroock & Lavan, New York City, for trustee.

Hahn & Hessen, New York City, for John P. Maguire & Co., Inc.

## DECISION ON MOTION FOR A PROTECTIVE ORDER

EDWARD J. RYAN, Bankruptcy Judge.

On or about April 28, 1982, Daniel McColley, trustee of Candor Diamond Corp., Debtor ("McColley") commenced the above-captioned adversary proceeding against Rama Manufacturing Co., Inc. ("Rama") pursuant to 11 U.S.C. § 547 to recover alleged preferential transfers in the sum of $134,936.55 made from Candor Diamond Corp ("Candor") to Rama.

In its answer dated May 18, 1982, Rama generally denied the material allegations of the complaint and set forth six alleged defenses to McColley's complaint. The first five defenses refer specifically to Section 547 elements and exceptions to preferential transfers. The sixth affirmative defense asserts that Rama should not be required to return any preferential payments since the recovery from Rama is designed exclusively for the benefit of John P. Maguire & Co., Inc. ("Maguire"), Candor's prior factor, who was allegedly guilty of ordinary and gross negligence in the factoring of Candor's accounts receivable. The defense further claims that it would be unjust, unfair and inequitable for Maguire to benefit from the preference recovery.

On or about August 5, 1982, Rama served Maguire with a subpoena to witness. The subpoena commanded Maguire to appear on August 24, 1982 by one or more of its officers, agents or other persons who could testify on Maguire's behalf with respect to all transactions with Candor. Maguire was further directed to produce thousands of documents including all writings evidencing all transactions between Maguire and Candor for the years 1980 and 1981.

Maguire asserts that such an extensive production of documents would prove extraordinarily expensive and burdensome. Maguire contends that such extensive discovery is unnecessary: first, because Maguire is prepared both to stipulate to its knowledge of Candor's solvency or insolvency on particular dates and to submit to a deposition as to the issue of insolvency on

particular dates; and second, because Rama's sixth affirmative defense, alleging misconduct by Maguire, is not a valid defense to an action to recover preferential transfers and any information sought regarding such a defense is, therefore, not legally relevant. Maguire, therefore, seeks a protective order limiting the scope of the deposition to be taken of it by Rama, pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 712(b).

■ Pursuant to FRCP 26(b)(1) discovery is restricted to material which is "relevant" to the subject matter involved in the pending action. *See Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979). Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information. *Dart Industries Co. v. Westwood Chemical Co.,* 649 F.2d 646, 649 (9th Cir. 1980). *See, also, Pollitt v. Mobay Chemicals Corp.,* 95 F.R.D. 101, 103 (S.D.Ohio 1982).

■ Maguire has standing to object to the subpoena on grounds of relevancy. FRCP 26(b)(1) makes no distinction between information in the hands of parties and information in the possession of non-parties. *See Fein v. Numex Corp.,* 92 F.R.D. 94, 96 (S.D.N.Y.1981).

*Fein* involved a class action brought under the federal securities laws on behalf of all persons who purchased shares of Numex Corporation ("Numex") pursuant to a specific prospectus. Arthur Andersen & Co. ("Andersen"), who had audited Numex's financial statements but who had not been named as a defendant, was served with a subpoena duces tecum. Andersen objected to the subpoena on the grounds, *inter alia,* that it sought materials not relevant to the action. The court held that Andersen, although not a party, had standing to object to discovery on the grounds of non-relevance. The court noted the possibility that Andersen could be named as a defendant in the future. If Andersen were not allowed to assert non-relevance, there would be the manifest danger that plaintiffs would be allowed to engage in impermissible pre-complaint discovery.

■ Maguire claims that Rama's sixth affirmative defense, alleged misconduct of a third party, is not valid in the trustee's action to recover preferential transfers allegedly received by Rama. This court agrees.

In a companion case brought to recover a preference allegedly made to another trade creditor of Candor, this same defense was asserted. In that action, the trustee moved to strike that defense and that motion was granted by this court. *McColley v. Fabrikant & Sons,* Adversary No. 82–6125A (February 1982).

Any discovery intended to prove this invalid defense is not relevant to the pending preference action against Rama. It is proper for a court to deny discovery of matter that is relevant only to an invalid claim or defense. *See, Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, 57 L.Ed.2d 253 (1978); *Apel v. Murphy,* 70 F.R.D. 651, 654 (D.R.I.1976).

Also, similar to *Fein,* the danger of impermissible pre-complaint discovery is present here. The allegations set forth in defendant's sixth affirmative defense might, if proved, constitute grounds for a cause of action against Maguire. Where a party seeks to gather information for use in a proceeding other than the pending suit, discovery is properly denied. *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 353 n. 17, 98 S.Ct. 2380, 2390 n. 17, 57 L.Ed.2d 253 (1978).

Courts have issued protective orders limiting the scope of discovery when the information sought was not relevant to the issues in the action, which discovery would subject the witness to undue burden and expense. *See, e.g., Tavoulares v. Piro,* 93 F.R.D. 35 (D.D.C.1981); *Amherst Leasing Corp. v. Emhart Corp.,* 65 F.R.D. 121 (D.Conn.1974); *Cooper v. Hallgarten,* 34 F.R.D. 482 (S.D.N.Y.1964). Here the burden on Rama of complying with the requested discovery is manifest.

Therefore, a protective order is appropriate here. Rama may not obtain from Maguire any material that is relevant only to Rama's sixth affirmative defense.

Settle an appropriate order.