IN re "AGENT ORANGE" PRODUCT
LIABILITY LITIGATION.

MDL No. 381 (JBW).

United States District Court,
E.D. New York.

March 20, 1984.

John M. Fitzpatrick, Dilwarth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civ. Div., Dept. of Justice, Washington, D.C., for the U.S.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agriculture & Nutrition Co., Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley, Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

## PRETRIAL ORDER NO. 96

WEINSTEIN, Chief Judge.

On February 11, 1983, the Special Master issued recommended guidelines for the resolution of government privilege disputes (*i.e.*, internal deliberations and state secrets privilege). These guidelines were adopted in full by Judge George C. Pratt. Pretrial Order 48, 97 F.R.D. 427 (E.D.N.Y.1983).

In response to a subpoena served by defendants on May 17, 1982 the United States produced parts of two pages of a report made by Dr. Fritz Hoffmann, a government scientist, following a 1959 trip to Europe ("Hoffmann I"). The Government redacted names of persons and organizations from the pages it released, claiming protection against disclosure by reason of the state secrets privilege. The Government also refused to release the remainder of the report contending that it was subject to the state secrets privilege and also not relevant to this litigation.

Pursuant to the Special Master's guidelines, on March 30, 1983 the Special Master reviewed, *in camera,* the entire 1959 Hoff-

mann Trip Report to determine which portions were relevant. Based upon this review, the Special Master concluded that the pages which had been withheld were not relevant. However, with respect to the names redacted from the two pages which had been produced, the Special Master found that these may be relevant, and recommended that the United States either produce the names or submit an affidavit by the head of the Department of the Army, formally claiming the state secrets privilege.

On September 3, 1983 Acting Secretary of the Army James R. Ambrose submitted an affidivit supporting a formal claim of state secrets privilege and requested that the names redacted from the released portions of Hoffmann I not be produced. The Affidavit stated that the redacted names concern intelligence activities of the United States, and that disclosure reasonably could be expected to cause damage to national security. The Special Master agreed that the Affidavit is sufficient to invoke state secrets privilege pursuant to the guidelines established for this litigation and relevant case authority. *See United States v. Reynolds*, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953); *Halkin v. Helms*, 690 F.2d 977, 990 (D.C.Cir.1982).

In addition, the Affidavit also invoked the state secrets privilege for a 1961 Hoffmann Trip Report ("Hoffmann II") and a Request for Travel Orders. The Special Master examined both *in camera* on January 27, 1984. According to the Affidavit, the name redacted from page 16 of Hoffmann II is the same individual whose name was redacted from page 7 of the Request for Travel Orders and page 17 of Hoffmann I. The name deleted from page 5 of the request for Travel Order is a second name. In the judgment of the Special Master, the United States properly invoked the state secrets privilege as to each of these redactions. Furthermore, he found that no other portion of the Request for Travel Orders or of Hoffmann II was relevant to any issue in this litigation.

On March 12, 1984 the Court determined that it required additional *in camera* information to assess the propriety of the Government's formal assertion of state secrets privilege. Specifically, this Court is interested in whether or not the individuals whose names have been deleted from Hoffmann I and II, and the Request for Travel Orders, are still alive, and, if they are alive, whether they would be willing to answer a limited number of questions relating to the subject matter of this litigation.

Thus, in accordance with the established guidelines, the United States is hereby requested to provide additional *in camera* information concerning whether or not the individuals whose names have been deleted from page 17 of Hoffmann I, page 5 and 7 of the Request for Travel Orders, and page 16 of Hoffmann II are alive, and if alive, whether they are willing to provide answers to questions relating to the subject matter of this litigation.

The *in camera* proceedings will be conducted in the chambers of Chief Judge Jack B. Weinstein. Special Master Sol Schreiber may also be present. The sole purpose of this *in camera* proceeding, of which no transcript will be made, is to assist the Court in its decision concerning the propriety of the United States' formal assertion of the state secrets privilege.

The Court will make no reference to the content of the information provided to him by the United States which, according to the United States, is properly classified pursuant to Executive Order 12356.

SO ORDERED.

[After *in camera* discussion with informed witnesses, for reasons stated orally, but not recorded, the assertion of the privilege was held proper and the subject closed.]