[No. 25078-4-III.   Division Three.   August 7, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. BRANDON M. OSBORNE, *Appellant*.

*Janet G. Gemberling* and *Julia A. Dooris* (of *Gemberling & Dooris, PS*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 SWEENEY, C.J. — The court may not order a defendant to pay restitution for a crime the defendant was not convicted of, unless the defendant agrees to pay that restitution. Here, the court ordered a defendant to pay restitution for crimes charged but later dropped as part of a plea

bargain. That was error and, accordingly, we reverse the portion of the restitution order pertaining to the uncharged offenses.

## FACTS

¶2 Brandon Osborne broke a car window and then ran to a nearby construction site as a neighbor gave chase. Once at the site, Mr. Osborne demanded the keys to Steve Paschell's truck and ordered Mr. Paschell into the truck at gunpoint. Mr. Paschell escaped from the truck and climbed a nearby fence. Mr. Paschell injured his back in the process. Mr. Osborne then went to David Durham's house. There he shot Mr. Durham and shot at another occupant of the house, Shirleen Wood.

¶3 The State charged Mr. Osborne with eight felony counts. The State later amended the information as part of a plea agreement and charged Mr. Osborne with only two counts: first degree assault of David Durham and second degree assault of Shirleen Wood. Mr. Osborne pleaded guilty to those charges. The State dismissed the other charges, including the first degree kidnapping and first degree robbery of Mr. Paschell. The court, nonetheless, ordered Mr. Osborne to pay restitution to reimburse the Department of Labor and Industries for payments made to Mr. Paschell. The department had compensated Mr. Paschell for his back injury. Mr. Osborne appeals that portion of the restitution order.

## DISCUSSION

¶4 Mr. Osborne contends that the court erred by imposing restitution for crimes he was not convicted of committing. Specifically, the court did not find him guilty of any crime victimizing Mr. Paschell. Yet, the court ordered him to pay damages related to Mr. Paschell. The State responds that Mr. Osborne's guilty plea reflects his general assent to pay restitution. And, moreover, the specific argument he raises on appeal was not raised in the trial court.

Mr. Osborne instead objected to the imposition of any restitution.

¶5 We conclude that the general objection to any restitution is enough to raise the issue here. *State v. Pollard*, 66 Wn. App. 779, 781-84, 834 P.2d 51 (1992). And we have the discretion to review this legal argument for the first time on appeal, in any event. RAP 2.5(a). A similar argument was rejected in *State v. Dauenhauer.*[1] There, the court explained that "defense counsel's incorrect concession to liability for those damages 'under the facts of this case as presented' is not akin to a guilty plea and agreement to pay for uncharged acts." *Dauenhauer*, 103 Wn. App. at 379.

¶6 The question here is one of law and review is, then, de novo. *State v. Johnson*, 96 Wn. App. 813, 815-16, 981 P.2d 25 (1999). Does a sentencing court have the authority to order restitution, without the defendant's agreement, for crimes that the defendant was not convicted of?

¶7 The court's authority to order restitution is statutory. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991); *State v. Lewis*, 57 Wn. App. 921, 923, 791 P.2d 250 (1990). "Restitution shall be ordered whenever the offender is convicted of an offense which results in . . . damage to or loss of property." RCW 9.94A.753(5). And the amount of restitution ordered "shall be based on easily ascertainable damages for injury to or loss of property [and] shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime." RCW 9.94A.753(3). "[R]estitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement." RCW 9.94A.753(5).

---

[1] *State v. Dauenhauer*, 103 Wn. App. 373, 12 P.3d 661 (2000).

¶8 The victim's injuries must be causally related to the defendant's crime. *State v. Enstone*, 137 Wn.2d 675, 682, 974 P.2d 828 (1999). And, specifically, the court may not order restitution based on the defendant's general scheme or acts that are only connected with the charged crime "when those acts are not part of the charge." *Dauenhauer*, 103 Wn. App. at 378. So we must vacate the restitution order if the defendant did not make a specific agreement to pay when pleading guilty or if the State failed to establish a causal connection between the defendant's crime and the damages. *State v. Dennis*, 101 Wn. App. 223, 229, 6 P.3d 1173 (2000) (citing *State v. Dedonado*, 99 Wn. App. 251, 257-58, 991 P.2d 1216 (2000)).

¶9 Mr. Osborne refused to agree to any restitution. So there must be a causal relationship between his crime and the victim's damages. *Dauenhauer*, 103 Wn. App. at 378. "[R]estitution cannot be imposed based on a defendant's 'general scheme' or acts 'connected with' the crime charged, when those acts are not part of the charge." *Id*. (quoting *State v. Woods*, 90 Wn. App. 904, 907-08, 953 P.2d 834 (1998)). In other words, the court may not require restitution beyond the crime charged unless the defendant expressly agrees to pay restitution for crimes that he was not convicted of. *Id*.

¶10 Here, the restitution order required payment for conduct relating to the uncharged crimes of kidnapping and robbery, all related to Mr. Paschell. Clerk's Papers (CP) at 75. Mr. Osborne did not agree to pay restitution for these uncharged offenses in exchange for dismissal of those offenses pursuant to RCW 9.94A.753(5). *See* CP at 42-50. The court then erred in ordering restitution in the amount of $36,477.28. Mr. Paschell was an "uncharged victim." RCW 9.94A.753(5); *Dauenhauer*, 103 Wn. App. at 378-80.

¶11 We reverse the court's restitution order relating to the damages for Mr. Paschell.

BROWN and KULIK, JJ., concur.