FILED
COURT OF APPEALS
DIVISION II

2014 MAR 25 AM 8: 54

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45057-7-II |
| Respondent, | |
| v. | |
| JANICE MAE LESTER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Janice Mae Lester appeals from the sentence imposed following her pleas of guilty to two counts of forgery. She argues that the trial court (1) erred in imposing restitution for an uncharged crime and (2) erred in imposing legal financial obligations. The State concedes the first error and we remand for resentencing.[1]

Lester pleaded guilty to two counts of forgery, one for passing a counterfeit $20 bill at a Travelodge and one for passing two counterfeit $20 bills at a fruit stand. At sentencing, the trial court imposed the following legal financial obligations: $500 victim assessment, $200 criminal filing fee, $600 court-appointed attorney fee, $100 DNA collection fee and $1,000 jail recovery cost. The court made the following finding:

> The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court makes the following specific findings: . . . .

Clerk's Papers (CP) at 39.

---

[1] A commissioner of this court initially considered Lester's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

The judgment and sentence form did not contain a box, as most such forms do, stating that it found "that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753." The court did not check either of the boxes stating that it found:

[ ] The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.753):

_____

[ ] The defendant has the present means to pay costs of incarceration. RCW 9.94A.760.

CP at 39.

The trial court then ordered restitution as follows: $40 to Big Tom's Drive-In, $40 to Austin Howell[2] and $20 to Travelodge.

First, Lester argues that because she had not been charged with a crime against Big Tom's Drive-In and because she had not agreed to pay restitution for uncharged offenses, the trial court erred in ordering her to pay restitution to Big Tom's Drive-In. *State v. Osborne*, 140 Wn. App. 38, 42, 163 P.3d 799 (2007). The State concedes that Lester is correct. We accept the State's concession.

Second, Lester argues that the court erred in imposing the legal financial obligations because no evidence was presented that she has the ability or likely future ability to pay them. *State v. Bertrand,* 165 Wn. App. 393, 404, 267 P.3d 511 (2011), *review denied,* 175 Wn.2d 1014 (2012). Before making such a finding, the trial court must take "into account the financial resources of the defendant and the nature of the burden" imposed by the legal financial obligations. *Bertrand,* 165 Wn. App at 404 (quoting *State v. Baldwin,* 63 Wn. App. 303, 312,

_____

[2] Howell is apparently the owner of the fruit stand.

No. 45057-7-II

818 P.2d 1116, 837 P.2d 646 (1991)). Because we remand for resentencing, Lester can raise this issue in the trial court.

We remand to the trial court to strike the restitution order as to Big Tom's Drive-In and to address Lester's ability to pay the legal financial obligations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, C.J.

Bjorgen, J.