IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOSEPH L. JONES, | ) | |
| | ) | No. 33920-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, C.J. — This appeal poses the question: when a government agency loses a document that becomes the subject of a public records request, does the government hold the burden to prove it lost the document before receiving the request in order to avoid liability under the Public Records Act, chapter 42.56 RCW? Joseph Jones, a prisoner at Coyote Ridge Corrections Center, requested, from the state Department of Corrections, a Classification Hearing Notice/Appearance Waiver form (notice form or form) that he signed. When the department looked for the form, it could not find the form. Jones filed suit for an alleged violation of the Public Records Act. The parties

agreed that the department lost the form, but neither party presented evidence establishing the date of the loss. The trial court held in favor of the Department of Corrections and dismissed the suit at a show cause hearing. Because the purpose of the Public Records Act is not to subject a government entity to liability for lost records, we affirm the trial court. We hold the department has no burden to show when it lost a requested document.

## FACTS

Joseph Jones resides at the Coyote Ridge Corrections Center. On November 3, 2014, Jones met with Classification Counselor II Jennifer Lynch to review his custody facility plan in advance of a Facility Risk Management Team meeting on November 5. The correction facility's Facility Risk Management Team periodically conducts a classification hearing to update an offender's security ranking. Lynch handed Jones a Classification Hearing Notice/Appearance Waiver form for his review prior to their meeting. A signature on the notice form confirms the prisoner's notice of the hearing time. Jones signed the form after striking the language that he waived his right to appear at the hearing.

During the November 3, 2014 meeting, Joseph Jones requested from Jennifer Lynch a copy of the notice form signed by him. Lynch explained that he must submit a formal public records request to the department's Public Disclosure Unit in Olympia in

2

order to obtain a copy. Jones told Lynch he would send a request to Olympia the following day.

After her meeting with Joseph Jones and pursuant to Department of Corrections' policy, Jennifer Lynch delivered Jones' signed notice form to Classification Counselor III Mr. Westfall. We do not know what became of the notice form thereafter. Under department policy, Westfall should have forwarded the document to Gina Penrose and Penrose to the correctional program manager. Lynch did not retain a copy of the notice form.

On November 3, 2014, the same day as the meeting between Joseph Jones and Jennifer Lynch, Jones prepared and mailed a public records request to the Public Disclosure Unit of the Department of Corrections in Olympia. The request sought a signed copy of Jones' notice form.

On November 7, 2014, the Department of Corrections' Public Disclosure Unit received Joseph Jones' public records request and sent, by e-mail, the request to Lori Wonders, Coyote Ridge's Public Disclosure Coordinator. On November 10, Wonders sent Jones a letter acknowledging receipt of his public records request and informing Jones that the department would respond by December 10, 2014.

On December 8, 2014, Lori Wonders e-mailed Jennifer Lynch and asked if the latter had the notice form signed by Joseph Jones. On December 10, Lynch replied that she forwarded the form to the correctional program manager. On December 10, Wonders

3

e-mailed Correctional Program Manager Gena Brock and asked if she had the Jones'

notice form. Brock responded, on December 11, that she had not received the form. On

December 12, 2014, Wonders sent Jones a letter, which read:

> After thorough review of Records, we have no documents in our
> possession that relate to your Public Disclosure Request received on
> November 7, 2014, requesting a copy of your Classification Hearing
> Notice/Appearance Waiver, dated November 3rd, 2014.

Clerk's Papers (CP) at 39.

After Joseph Jones filed suit, Lori Wonders again unsuccessfully searched for

Jones' signed form. Jennifer Lynch is unaware of the date on which the form was lost

and was unaware of the loss at the time she learned that the Department of Corrections'

Public Disclosure Unit in Olympia received Joseph Jones' public records request.

## PROCEDURE

On March 10, 2015, Joseph Jones filed suit and alleged that the Department of

Corrections violated the Public Records Act by its failure to produce the signed copy of

his notice form. The department filed a motion to show cause to determine whether it

violated the act. The department argued, in part, that no evidence supported a finding

that it purposefully destroyed the requested document in order to avoid production once

the department received the records request. Jones argued, among other contentions, that

his oral request, on November 3, 2014, to Jennifer Lynch constituted a binding public

records request that obligated the department to preserve the document under RCW

4

42.56.100. According to Jones, Lynch, like any other department employee, served as a

custodian for department records.

The trial court wrote a letter decision dismissing Joseph Jones' suit. The trial

court reasoned:

> . . . There is no dispute that the requested record was not preserved.
> There is inadequate evidence to establish that the document was lost after
> the Public Records Act request was properly submitted.
>       Therefore, the DOC can be found to have violated the Public
> Records Act only if the notice to Ms. Lynch of the intention to make a
> Public Records Act request was imputed to the Department. . . . As Ms.
> Lynch had no authority in the area of Public Records Act requests, the
> Department was not bound by the notice given to her.

CP at 336.

On October 13, 2015, the trial court entered an order dismissing the suit and

entered findings of fact and conclusions of law. In the conclusions of law, the trial court

concluded:

> Defendant did not violate the Public Records Act when it lost the
> DOC 05-794 Classification Hearing Notice/Appearance Waiver form.
> Plaintiff was required to submit his public disclosure request to the Public
> Disclosure Unit in Tumwater, Washington. There is no dispute that the
> requested record was not preserved. There is inadequate evidence to
> establish that the document was lost after the Public Records Act request
> was properly submitted.

CP at 341.

In a motion for reconsideration, Joseph Jones asserted two new arguments. First,

the Department of Corrections failed to show it reasonably searched to find the signed

notice form once the department received the public records request in Olympia. Second, the court should impose on the department the burden of showing the loss or destruction of the requested document before receipt of the request in Olympia. The trial court denied Jones' motion for reconsideration.

## LAW AND ANALYSIS

The focus of Joseph Jones' argument on appeal is that the trial court should have imposed the burden on the Department of Corrections to prove that the department lost his signed notice form before it received his public records request. Otherwise, according to Jones, the department violated the Public Records Act by failing to deliver him a copy of the form. In support of this contention, Jones argues: (1) this court should apply a rebuttable presumption that the government entity lost the requested document after its receipt of the records request, (2) the court should employ the doctrine of res ipsa loquitur in the context of a lost public record, and (3) a Public Records Act case poses a special situation in that the State had sole possession of the evidence regarding loss of a document such that this court should apply the rationale announced in *U.S. Oil & Refining Co. v. Department of Ecology*, 96 Wn.2d 85, 633 P.2d 1329 (1981). On appeal, Jones has abandoned his contention that Jennifer Lynch was an authorized agent of the department for purposes of receiving oral requests for public records. Although amicus may argue such, Jones does not contend that the department failed to take reasonable steps to find the signed waiver.

6

Although Joseph Jones argued, in a motion for reconsideration, his position that the government entity should establish when it lost his signed waiver, Jones did not posit, in the trial court, the three discrete contentions he now asserts on appeal. Under RAP 2.5, this "court may refuse to review any claim of error which was not raised in the trial court." Despite this rule, we do not address whether Jones raises any new "claim of error" by refocusing his arguments on appeal. We agree to address all three contentions because the Department of Corrections does not maintain that Jones waived any of the three updated arguments by failing to assert them below. RAP 2.5(a) states that an appellate court "may" refuse to review a claim of error not raised in the trial court. *State v. Kindell*, 181 Wn. App. 844, 849, 326 P.3d 876 (2014). This rule allows, but does not require, us to refuse to review certain claims that an appellant failed to raise below. *State v. Osborne*, 140 Wn. App. 38, 41, 163 P.3d 799 (2007).

The Public Records Act is a strongly worded mandate for broad disclosure of public records. *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). Agencies must promptly disclose any requested public record unless it falls within a specific, enumerated exemption. RCW 42.56.070(1); RCW 42.56.520.

An agency is not required to produce a document that does not exist. *Sperr v. City of Spokane*, 123 Wn. App. 132, 133, 96 P.3d 1012 (2004). Nevertheless, the Public Records Act does not allow agencies to destroy records that are subject to a pending

7

records request. *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 149, 240 P.3d 1149 (2010).

The concluding paragraph of RCW 42.56.100 declares:

> If a public record request is made at a time when such record exists but is scheduled for destruction in the near future, the agency . . . shall retain possession of the record, and may not destroy or erase the record until the request is resolved.

The parties litigate this appeal on the assumption that the Department of Corrections violated the Public Records Act if it inadvertently lost Joseph Jones' signed waiver form after the Public Disclosure Unit in Olympia received Jones' Public Records Act request on November 7, 2014. We question the legal validity of this supposition, and, primarily for this reason, do not publish our decision. Nevertheless, we proceed on this assumption.

## Presumption

The trial court found, and the record supports, that neither party presented evidence of when the Department of Corrections lost Joseph Jones' signed notice form. Of course, the department was best situated to discover and present the evidence. The issue before this court is: who prevails in a Public Records Act suit when the trial court hears no evidence of when a document subject to a request is lost?

Joseph Jones advocates for a rebuttable presumption against Washington government entities whenever a document is lost that the loss occurred after the agency received the public records request. Jones contends that, if we adopt the rebuttable

8

presumption, the Department of Corrections failed to overcome it. The department responds that adopting a rebuttable presumption would conflict with existing law. The department argues that, because a requestor must do more than assert a claim, this court should decline to hold Jones is entitled to a rebuttable presumption that the department destroyed the notice form after receiving his request.

Joseph Jones contends that courts apply all presumptions under the Public Records Act in favor of the records requestor and against the government entity. Jones only identifies one presumption, however, that being the presumption that all public records are subject to disclosure. *Predisik* v. *Spokane Sch. Dist. No. 81*, 182 Wn.2d 896, 903, 346 P.3d 737 (2015). This presumption helps little in resolving the question of which party should bear the burden of showing when a government agency loses a disclosable document. The presumption forwarded by Jones only concerns exemptions under the act.

No Washington decision directly addresses Joseph Jones' argument. The department heavily relies on *West v. Department of Natural Resources*, 163 Wn. App. 235, 258 P.3d 78 (2011) and *Building Industry Association of Washington v. McCarthy*, 152 Wn. App. 720, 218 P.3d 196 (2009). Both cases are illustrative.

In *West v. Department of Natural Resources*, Arthur West submitted multiple Public Records Act requests to the Washington Department of Natural Resources (DNR). The documents requested included all of Bob Van Schoorl's e-mail over a two-year

9

period. Over the subsequent months, DNR searched to find all responsive records.
DNR's public records officer did not provide West with all of Bob Van Schoorl's 2006
e-mail because Van Schoorl had relied on backup tapes to capture e-mail he did not
retain. DNR upgraded to a new e-mail system in late 2006 and, as a result of the
upgrade, DNR no longer could locate or access Van Schoorl's old e-mail.

Arthur West filed a complaint against DNR alleging, among other things, the
improper destruction of records. This court held that DNR did not violate the Public
Records Act. In so ruling, the court rejected West's accusation that DNR "destroyed"
requested records. The court substituted the phrase "inadvertently lost" for "destroyed"
when characterizing DNR's conduct. *West*, 163 Wn. App. at 244. We wrote:

> West first argues that the DNR unlawfully destroyed Van Schoorl's
> 2006 e-mails. Despite this argument, there is simply no evidence in the
> record of any unlawful destruction of e-mails. Instead, the record shows
> that the DNR inadvertently lost Van Schoorl's e-mail almost one year
> before West made his request. Thus, the e-mail did not exist at the time of
> West's request.

*West*, 163 Wn. App. at 244. Of course, *West* is distinguishable because the state agency
showed that it lost the e-mail before the records request. Nevertheless, the case hints that
the agency should not be penalized for unintentional loss of public records.

Throughout his brief, Joseph Jones claims the Department of Corrections
"destroyed" the notice form. Jones also argues that a loss equates to destruction. Under
the reasoning of *West v. DNR*, we reject this claim and contention.

10

In *Building Industry Association v. McCarthy*, 152 Wn. App. 720 (2009), Pierce County Auditor Pat McCarthy reported problems with voter registration forms from the Association of Community Organizations for Reform Now (ACORN) to State Assistant Elections Director Pam Floyd. As a result, Floyd sent a global e-mail to all of the county auditors in Washington informing them of reports of problems with ACORN. Later the same day, Floyd sent a second e-mail to all county auditors. McCarthy, already aware of the content of these e-mails, likely deleted them the same month she received them. Over five months later, the Building Industry Association of Washington (BIAW) submitted public records requests to Pierce County. McCarthy and her staff found responsive records and provided them. The records handed to BIAW did not include the informational e-mail from Floyd. BIAW sued, alleging a violation of the Public Records Act. The trial court dismissed BIAW's Public Records Act claim. On appeal, this court concluded that McCarthy did not unlawfully destroy the e-mail and her failure to provide the e-mail did not violate the Public Records Act because they did not exist at the time of request. We wrote, in part: "[t]he plaintiff cannot rely on allegations in the pleadings or assertions, but must present competent evidence by affidavit or otherwise." 152 Wn. App. at 735.

Like *West v. Department of Natural Resources*, *Building Industry Association v. McCarthy* differs from our appeal in that the government agency proved destruction or loss of the records before receipt of the public records request. Nevertheless, the quoted

11

portion of *BIAW* suggests the records requestor has the burden to show a records act violation.

Joseph Jones cites RCW 42.56.100, which prohibits a government entity from destroying or erasing a record after the public records request. Nevertheless, he forwards no statutory provision expressly declaring that the inadvertent loss of a public record violates the Public Records Act.

Joseph Jones cites no case law that proclaims a government agency to have violated a public records or freedom of information act because the government lost a document after receiving a request or when the government could not establish when it lost the document. Although the federal Freedom of Information Act (FOIA) contains important differences from the Washington Public Records Act, cases interpreting FOIA are relevant to interpreting the Washington act. *Dawson v. Daly*, 120 Wn.2d 782, 791, 845 P.2d 995 (1993); *Servais v. Port of Bellingham*, 72 Wn. App. 183, 192-93, 864 P.2d 4 (1993), *aff'd*, 127 Wn.2d 820, 904 P.2d 1124 (1995). Although the courts did not address the timing of the loss, federal courts have declared the government agency in compliance with the freedom of information act when it performed a reasonable search despite evidence that some requested records were accidently lost. *Dueñas Iturralde v. Comptroller of the Currency*, 345 U.S. App. D.C. 230, 315 F.3d 311 (2003); *Maynard v. Cent. Intelligence Agency*, 986 F.2d 547 (1st Cir. 1993); *Judicial Watch, Inc. v. Department of State*, No. 15-CV-690, ___ F. Supp. 3d ___, 2016 WL 1367731 (D.D.C.

12

Apr. 6, 2016); *Hall & Assocs. v. U.S. Envtl. Prot. Agency*, 83 F. Supp. 3d 92 (D.D.C. 2015); *Rollins v. U.S. Dep't of State*, 70 F. Supp. 3d 546 (D.D.C. 2014); *Island Film, S.A. v. Dep't of Treasury*, 869 F. Supp. 2d 123 (D.D.C. 2012); *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94 (D.D.C. 2009); *Clark v. Exec. Office of U.S. Att'ys*, 601 F. Supp. 2d 170 (D.D.C. 2009); *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34 (D.D.C. 2009); *Christmann & Welborn v. Dep't of Energy*, 589 F. Supp. 584 (N.D. Tex. 1984).

Since Joseph Jones does not contend the Department of Corrections engaged in an inadequate search, we will presume the department conducted an adequate search. An inadequate search is tantamount to a denial of the public records request. *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 721, 261 P.3d 119 (2011). Applying this logic, an adequate search, despite a missing document, might then be considered conformance to the Public Records Act.

The Public Records Act is a landmark act adopted by Washington's citizenry to effectuate the noble goal and indispensable virtue of government transparency. Nevertheless, in *West v. Department of Natural Resources*, 163 Wn. App. 235 (2011) and *Building Industry Association of Washington v. McCarthy*, 152 Wn. App. 720 (2009), this court refused to presume that an agency acted in bad faith or nefariously on the discovery that a requested record was lost or even destroyed. The Public Records Act is not intended to penalize inadvertent loss, a phenomenon endemic to a large organization. In this case on appeal, the Department of Corrections had no reason to purposely destroy

13

the signed notice form.

## Res Ipsa Loquitur

Joseph Jones next contends that the doctrine of res ipsa loquitur should apply because the Department of Corrections had exclusive control over the evidence. Jones cites no authority employing res ipsa loquitur in the context of a Public Records Act suit. We refuse to apply the doctrine in these circumstances.

Res ipsa loquitur, Latin for "the thing speaks for itself," applies when:

> (1) The accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the injury-causing accident or occurrence is not due to any voluntary action or contribution on the part of the plaintiff.

*Pacheo v. Ames*, 149 Wn.2d 431, 436, 69 P.3d 324 (2003). Res ipsa loquitur allows an inference of negligence. *Ripley*, 152 Wn. App. at 308. Whether res ipsa loquitur applies is a question of law, reviewed de novo. *Ripley*, 152 Wn. App. at 308.

A Public Records Act suit does not involve a physical injury to the plaintiff and the question of negligence is not at issue. In this appeal, both sides agree the form was lost. The question framed by the parties is not who is at fault or whether the form was lost negligently, but rather *when* it was lost.

## Special Obligation

Joseph Jones finally argues that, in allocating evidentiary burdens, courts must

14

consider whether a party has sole access to information necessary to meet that burden. He argues for an extension of the Washington Supreme Court's holding in *U.S. Oil & Refining Co. v. Department of Ecology*, 96 Wn.2d 85 (1981) to the Public Records Act. The department does not directly address this argument.

In *U.S. Oil*, the Washington Department of Ecology imposed penalties on U.S. Oil, pursuant to RCW 90.48.144, for illegally discharging pollutants. In response, U.S. Oil argued that the statute of limitations bars some of the penalties. The Department of Ecology advocated for the court to adopt the "discovery rule" and for the court to hold that the department's claim for penalties did not accrue until it discovered the discharge violations. The department emphasized that the oil company solely possessed the evidence of wrongdoing. Our state high court adopted the discovery rule for actions brought by the department to collect fines for unlawful waste discharges.

*U.S. Oil* is a case solely about the statute of limitations and the rule to apply when a cause of action is predicated on self-reporting and the failure to self-report causes the statute to run. The case on appeal has no statute of limitations question.

Joseph Jones cites no authority to support his argument that *U.S. Oil & Refining Co. v. Department of Ecology* should apply in a Public Records Act suit. This third argument of Jones essentially repeats his two prior arguments. For the same reasons that we reject his other arguments, we reject Jones' third argument.

15

Attorney Fees

Joseph Jones asks this court for an award of reasonable attorney fees and costs. RCW 42.56.550(4) directs us to grant any person, who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record, fees and costs. Because Jones does not prevail, we deny his request for attorney fees and costs.

CONCLUSION

We affirm the trial court's dismissal of Joseph Jones' suit. The Department of Corrections did not violate the Public Records Act.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

16