IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78839-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ERIC RAUL HERNANDEZ-NAVARRO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: January 13, 2020 |

HAZELRIGG-HERNANDEZ, J. — Eric Hernandez-Navarro pleaded guilty to multiple crimes. On appeal, he contends portions of the trial court's restitution order are not supported by authority or sufficient evidence. We disagree and affirm.

## FACTS

In February 2017, Hernandez-Navarro raced a stolen car through a red light in Kent and hit another vehicle. The collision killed Leimoi Clark and injured the driver, Clark's husband Avery Tilfas, and child passenger, E.L.T.[1] Hernandez-Navarro pleaded guilty to vehicular homicide and vehicular assault, among other felonies not relevant to this appeal, and agreed to pay restitution.

At a post-sentencing hearing, the State sought restitution in the amount of $19,254.27.[2] The State submitted a letter from the crime victims' compensation program

---

[1] The record indicates that the child's full name is E.L.T.

[2] While the State also sought restitution for burial costs and vehicle damage, we do not address them because Hernandez-Navarro is not challenging those amounts on appeal.

informing Tilfas that R.C., E.L.T., K.T., and I.T., as Clark's surviving children, were "eligible to receive a monthly wage replacement benefit"—including an initial payment of $713.02 per child, followed by payments of $277.92 per child per month—until "the children turn 18, or until the maximum $40,000.00 benefit is reached." This letter enclosed a ledger outlining monthly payments to Tilfas and R.C. totaling $16,192.24 in benefits.[3] The State also submitted a letter showing that the crime victims' compensation program made two "time loss" payments to Tilfas totaling $3,062.03.[4]

Hernandez-Navarro objected to the State's restitution request. He argued that Clark's children, who were not injured in the collision, were not eligible for any benefits from the crime victims' compensation program and, therefore, the State failed to establish a sufficient nexus to his crimes. He also argued that the monthly pension benefits and time loss payments were not supported by substantial evidence.

The trial court ordered the full amount of requested restitution pursuant to RCW 9.94A.753(7). Hernandez-Navarro timely appealed.

ANALYSIS

Hernandez-Navarro contends that portions of the trial court's restitution order lack authority and are not supported by substantial evidence. We will not disturb the trial court's entry of a restitution order on appeal absent an abuse of discretion. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). A trial court abuses its discretion

---

[3] According to the ledger, other than the one-time payment, each month the crime victims' compensation program made four separate payments of $277.92 including one payable to R.C. and three payable to Tilfas.

[4] The crime victims' compensation program paid Tilfas $1,210.57 for time loss between February 12, 2017 and February 28, 2017, and paid him $1,851.46 for time loss between March 1, 2017 and March 26, 2017.

when it applies an incorrect legal standard or erroneous view of the law, even if the court's decision is reasonable. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

I.    Statutory Authority

First, Hernandez-Navarro argues that the trial court lacked authority to order restitution because it failed to find a causal connection between the benefits paid by the crime victims' compensation program and his crimes. We disagree.

The court's authority to order restitution derives entirely from statute. Id. "Regardless of the provisions of subsections (1) through (6) of [RCW 9.94A.753], the court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act." RCW 9.94A.753(7) (emphasis added). If the court fails to order restitution in this situation, the department that administers the crime victims' compensation program may petition the court for entry of the order. Id. When restitution is imposed under RCW 9.94A.753(7), as was the case here, the court is not required to make a causal connection determination. State v. McCarthy, 178 Wn. App. 290, 300-01, 313 P.3d 1247 (2013). Thus, the court did not err by ordering Hernandez-Navarro to pay restitution absent entry of causal connection findings.[5]

Next, Hernandez-Navarro argues that the court's restitution order lacks authority because Tilfas and Clark's children were not "victims" entitled to benefits from the crime victims' compensation program. We reject this argument. The crime victims' compensation act established a program to provide benefits to innocent victims of criminal

---

[5] Hernandez-Navarro relies on State v. Osborne, 140 Wn. App. 38, 163 P.3d 799 (2007), and State v. Gonce, 200 Wn. App. 847, 403 P.3d 918 (2017), for the proposition that the trial court must make its own causal connection determination to impose restitution. His reliance is misplaced. This is so because neither case involves restitution based on payments by the crime victims' compensation program. Osborne, 140 Wn. App. at 42; Gonce, 200 Wn. App. at 857-58.

acts. RCW 7.68.030(1). Under this act, a "victim" includes "a person who suffers bodily injury or death as a proximate result of a criminal act of another person." RCW 7.68.020(16). Victims of a "criminal act,"[6] as well as "the victim's family or beneficiary in case of death of the victim, are eligible for benefits." RCW 7.68.070(1) (emphasis added).

Here, because Clark, Tilfas, and E.L.T. were injured as a result of Hernandez-Navarro's criminal act, they are victims eligible for benefits from the crime victims' compensation program. Moreover, because Clark was killed in the collision, her three other children are also eligible to receive benefits. Id. Because Tilfas and the children were benefits-eligible, the court acted with proper authority and did not err.[7]

## II. Substantial Evidence

Hernandez-Navarro contends that the State did not support its restitution request for monthly pension benefits and time loss payments with substantial evidence. We disagree. The State has the burden of proving the amount of restitution by a preponderance of the evidence. State v. Deskins, 180 Wn.2d 68, 82, 322 P.3d 780 (2014). The amount of restitution must be based on "easily ascertainable damages" and supported by substantial evidence. RCW 9.94A.753(3); Deskins, 180 Wn.2d at 82. Evidence is sufficient if it provides a reasonable basis for estimating the loss and does not require the court to engage in speculation or conjecture. Deskins, 180 Wn.2d at 82-83.

---

[6] The term "criminal act" includes an injury or death caused by a driver in violation of either RCW 46.61.520 (vehicular homicide) or RCW 46.61.522 (vehicular assault). RCW 7.68.020(6)(i)(C).

[7] Hernandez-Navarro also argues that Clark's family members are not entitled to benefits under RCW 7.68.070(1) because "the individuals' relationship to Ms. Clark was not established at the restitution hearing." The key flaw in Hernandez-Navarro's argument is that, at the restitution hearing, he acknowledged Clark's "four children" as R.C., E.L.T., K.T., and I.T. Tilfas was identified, as both Clark's husband and the driver of the vehicle struck by Hernandez-Navarro (in the charging documents). The identification of Clark's family members is clear on this record.

Here, the State submitted letters and a ledger showing that the crime victims' compensation program paid specific amounts of wage replacement pensions to each of Clark's children per month, and will continue to do so until the child ages out or the maximum claim benefit of $40,000.00 is reached.[8] See RCW 7.68.070(1)(b). The State also submitted a ledger showing the crime victims' compensation program paying Tilfas for "time loss" for several weeks in February and March 2017 immediately following the death of his spouse and serious injury of a child. This documentation provided "easily ascertainable damages" for the amount of benefits the crime victims' compensation program paid Clark's children and Tilfas as required by RCW 9.94A.753(3).

Hernandez-Navarro points to State v. Lewis, and State v. Cosgaya-Alavarez, for the proposition that lost wages cannot be compensated in a restitution order because they are not easily ascertainable. 57 Wn. App. 921, 791 P.2d 250 (1990); 172 Wn. App. 785, 291 P.3d 939 (2013). But Lewis and Cosgaya-Alvarez are distinguishable because neither case considered restitution of lost wages paid by the crime victims' compensation program, as was the case here. 57 Wn. App. at 924; 172 Wn. App. at 790. We hold that the evidence was sufficient for the trial court in the exercise of its discretion to order Hernandez-Navarro to pay restitution for the amounts requested.

III.     Constitutional Challenges

Finally, Hernandez-Navarro argues that basic principles of due process require the State to prove a causal connection between the crime of which he was convicted and the restitution ordered. He contends there can be no automatic statutory presumption that

---

[8] Although the crime victims' compensation program identified four children and indicate each child was eligible for a monthly benefit payment, it appears such benefits were made payable to only one of the children and the children's father. This fact, alone, is inconsequential and does not warrant reversal.

any payment the crime victims' compensation program makes is causally connected to the crime. But we need not reach the issue of whether the statute imposes such an automatic presumption or whether such a presumption is constitutional because the record here clearly establishes that causal connection.

Affirmed.

WE CONCUR: